Martin H. **TANKLEFF**, Petitioner,

v.

D.A. **SENKOWSKI**, Superintendent of Clinton Correctional Facility, et al., Respondents.

No. 96–CV–507 (TCP).

United States District Court, E.D. New York.

April 24, 1998.

---

Warren L. Feldman, Rogers & Wells, New York City, for Petitioner.

### MEMORANDUM AND ORDER

PLATT, District Judge.

Petitioner Martin Tankleff was convicted in New York State court for the murder of his parents. On February 7, 1996, pursuant to 28 U.S.C. § 2254, he filed a petition for a writ of habeas corpus with this Court. On January 30, 1997, this Court denied the petition, and on February 28, 1997, it granted petitioner a Certificate of Appealability.

On January 12, 1998, the Court of Appeals for the Second Circuit issued a decision affirming this Court's decision in all respects except for petitioner's allegation that the prosecution used its peremptory strikes to exclude African–Americans from the jury in violation of his federal constitutional rights. *Tankleff v. Senkowski,* 135 F.3d 235 (2d Cir. 1998). The Second Circuit opined that while this Court "recognized that the state court had erred in this regard," it incorrectly held that the error was harmless. *Id.* at 240. The Court of Appeals concluded that this type of claim, if substantiated, would constitute a "structural error" and that such an error "can *never* be harmless. See *Peck v. United States,* 106 F.3d 450, 454 (2d Cir. 1997)." *Id.* (emphasis in original); *see also Campbell v. Louisiana,* —— U.S. ——, 118 S.Ct. 1419, 1422–23, 140 L.Ed.2d 551 (1998).

The Court of Appeals found that because petitioner established a *prima facie* claim under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and *Powers v. Ohio,* 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), a hearing must be held to determine whether the government can "proffer race-neutral explanations for its use of peremptory challenges." *Tankleff,* 135 F.3d at 249. If such a hearing fails to resolve this issue, however, petitioner must be awarded a new trial.

The grounds for the remand of this case raise serious questions with respect to: (1) the evolution and wisdom of the so-called *Batson* doctrine; and (2) the deterrent effect and propriety of the relief awarded.

### I.

Black's Law Dictionary defines the words "peremptory" and "peremptory challenge" as follows:

Peremptory. Imperative; final; decisive; absolute; conclusive; positive; not admitting of question, delay, reconsideration or of any alternative. Self-determined; arbitrary; not requiring any cause to be shown.

Peremptory challenge. The right to challenge a juror without assigning, or being required to assign, a reason for the challenge. In most jurisdictions each party to an action, both civil and criminal, has a specified number of challenges and after using all his peremptory challenges he is required to furnish a reason for subsequent challenges.

Black's Law Dictionary 1136 (6th ed.1990).

What the courts have done, as a practical matter, is to redefine the word peremptory to a point where on a challenge by anyone regardless of the race, nationality, religion, sex, minority or majority status or whatever, a valid reason must be given, i.e., they have all but eliminated the word peremptory from all jury selection statutes and rules and decreed that cause must be shown for all questioned challenges.

### II.

In addition, as a practical matter, the appellate court, in holding that punishment for the prosecutor's having (allegedly) deprived two or three jurors of their "rights" to serve on a particular jury, has decreed that the public must pay for the alleged wrongdoing by footing the cost of additional hearings and/or a new trial. The consequence, however, of holding such a new trial so many years later, with the attendant problems relating to evidence and witnesses, might be the undeserved award of freedom from incarceration to this defendant, who committed both matricide and patricide, either now or in a sooner

time frame than he currently faces. Why innocent and unwitting citizens and taxpayers should suffer from the infliction of such penalties is unexplained. Also unexplained, as the dissent in *Campbell* points out, is how this remedy vindicates the rights of excluded jurors. More appropriately, if judges are to be permitted to fashion punishment in cases such as this, they should suspend a wrongdoing prosecutor (if one be so found) from practice or some other appropriate action should be taken against him or her—not against innocent parties.

The Court of Appeals has left to this Court's discretion whether to hold a hearing on petitioner's *Batson* claim itself or to remand the case to State court for this purpose. It also noted that the State has indicated its willingness to attend a reconstruction hearing to determine whether discrimination had or had not occurred.

Accordingly, this Court directs that this matter be remanded to the State court on a conditional writ of habeas corpus for the sole purpose of holding a hearing on petitioner's *Batson* challenge consistent with the opinion rendered by the Court of Appeals. As we see it, there are no other open issues that remain to be decided.

SO ORDERED.